IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **JOHN NUNEZ** : | CIVL ACTION |
| : | Case No.: 1:25-cv-21630-RKA |
| Plaintiff, : | |
| v. : | |
| **AMERICAN AIRLINES INC.,** : | |
| : | |
| Defendant, : | |

FILED BY __MC__ D.C.

MAY 19 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff John Nunez, appearing pro se, respectfully moves this Court for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65. Plaintiff seeks immediate relief to prevent continued irreparable harm caused by Defendant's ongoing retaliation, blacklisting, and post-complaint misconduct, despite FAA and DOT findings in Plaintiff's favor, an active FOIA request, and concurrent Congressional and Inspector General oversight.

### I. INTRODUCTION

This case now centers on a fundamental abuse of power: the private misuse of flawed federal authority for retaliatory purposes. American Airlines continues to blacklist Plaintiff from travel, citing an FAA enforcement action that is both procedurally defective and under formal investigation by the U.S. Department of Transportation Office of Inspector General (DOT OIG)

1

and a sitting U.S. Congressman. Plaintiff has been denied access to the FAA's decision, denied a Notice of Action, and denied the opportunity to challenge the record being used to permanently ban him from air travel. A parallel FOIA request remains pending. Meanwhile, American Airlines continues to inflict harm using a federal finding that Plaintiff cannot even see.

Immediate injunctive relief is necessary to halt Defendant's continued misuse of a tainted federal instrument and to prevent further irreparable harm to Plaintiff's liberty, reputation, and access to interstate travel.

## II. FACTUAL BACKGROUND

1. On June 3, 2022, Plaintiff was removed from American Airlines Flight 1124 and accused of intoxication.

2. Plaintiff passed all sobriety tests administered upon landing. No law enforcement action was taken.

3. The FAA issued an Enforcement Investigative Report and imposed a civil penalty. Plaintiff was never issued a Notice of Action.

4. In 2024, the U.S. Department of Transportation acknowledged that Plaintiff passed the breathalyzer and noted American Airlines could have handled the situation with greater Professionalism.

5. On March 28, 2025, American Airlines sent a letter to DOT affirming that Plaintiff passed all post-flight testing and confirming no criminal violation occurred.

6. On April 9, 2025, Defendant's attorney Kelly Kolb (not yet counsel of record) emailed Plaintiff, stating the travel ban would remain in place and citing the FAA finding.

7. On April 7, 2025, Plaintiff was again denied boarding without any new misconduct.

8. Plaintiff submitted a formal FOIA request to the FAA for all records related to the investigation and enforcement. As of this filing, the FAA has failed to produce the full record or confirm the existence of a Notice of Action.

9. On May 16, 2025, Congressman Carlos Gimenez's office confirmed initiation of a Congressional Inquiry and a request to the DOT OIG to investigate the FAA's compliance with its own procedures under FAA Order 8900.1.

### III. NEW FEDERAL OVERSIGHT, FOIA SUPPRESSION, AND ONGOING RETALIATION

The FAA enforcement findings being used by American Airlines are no longer presumptively valid:

- The FAA process is under active review by the DOT OIG and Congress.
- Plaintiff has filed a formal FOIA request to obtain the FAA decision and EIR.
- The FAA has failed to produce the decision, depriving Plaintiff of the ability to challenge or respond to the finding being weaponized against him.

Despite these facts, Defendant continues to rely on the disputed and inaccessible FAA findings to justify blacklisting Plaintiff, denying him Jetnet access, and flagging him internally as a Level 2 threat. Kolb's April 9, 2025, email constitutes post-filing retaliation and confirms Defendant's continued misuse of a flawed and secretive government process.

This pattern of conduct is not just retaliatory—it is a textbook case of **abuse of process**. Defendant is leveraging a non-final, procedurally tainted federal ruling as a sword against a

3

private citizen, depriving him of constitutional rights under color of federal authority.

## IV. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, a Temporary Restraining Order should be granted where:

1. The movant demonstrates a substantial likelihood of success on the merits;
2. There exists a substantial threat of irreparable harm absent relief;
3. The balance of equities favors the movant;
4. The injunction serves the public interest.

## V. ARGUMENT

A. Substantial Likelihood of Success on the Merits

Plaintiff has demonstrated:

- Retaliation based on protected activity (filing FAA and DOT complaints);

- Ongoing harm derived from a procedurally invalid FAA enforcement record;

- That Defendant's legal position is estopped by its post-filing reliance on the FAA ruling (April 9 email);

- That FAA findings are actively under Congressional and Inspector General scrutiny;

- That Plaintiff has been denied access to the very record used against him (ongoing FOIA denial);

- That abuse of process and due process violations are both ongoing and well-supported.

B. Irreparable Harm

Plaintiff continues to suffer:

4

- Denial of interstate travel to see family and for professional purposes;

- Reputational harm and internal flagging as a "Level 2" threat;

- Loss of Jetnet access and loyalty benefits;

- Emotional distress and stigma based on a disputed federal ruling he cannot access or appeal.

This harm is immediate, ongoing, and not remediable by monetary compensation alone.

C. Balance of Harms

Reinstating Plaintiff's travel privileges during an ongoing federal review imposes no cognizable harm on Defendant. Conversely, continued blacklisting inflicts reputational, emotional, and economic harm on Plaintiff every day.

D. Public Interest

The public interest favors:

- Transparency and fairness in the use of federal enforcement;

- Preventing private misuse of FAA findings against civilians;

- Affirming that courts will not permit retaliation based on procedurally defective findings.

### VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Immediately lift the travel ban and restore Plaintiff's travel privileges;

2. Restore Plaintiff's Jetnet access and loyalty benefits;

3. Prohibit Defendant from relying on or referencing the FAA findings pending conclusion of the Congressional and OIG inquiries;

4. Direct Defendant to preserve and produce all communications, records, and policies related to FAA Case No. 2022FS050509, including Jetnet, internal threat classifications,

5

the March 28 letter, and all enforcement actions;

5. Direct Defendant to produce or authorize FAA to release all records related to FAA Case

6. No. 2022FS050509, including the Initial Decision, Notice of Action (if any), and full EIR;

7. Set a hearing if the Court does not grant this TRO on the papers.

### VII. CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I certify that on May 17, 2025, I contacted Defendant's counsel, Kelly Kolb and Robert Pecchio, via email to confer regarding this Motion. As of the time of filing, I have not received a response.

Respectfully submitted,

*/s/ John Nunez*

John Nunez
14475 SW 23rd Terrace
Miami, FL 33175
786-425-1966
johnnunez@ymail.com
Pro Se Plaintiff

### VIII. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Temporary Restraining Order, along with all attached exhibits, was filed via CM/ECF and served electronically on all parties registered through the system on May 20, 2025. All exhibits referenced in this motion are included in the concurrently filed Notice of Filing.

Respectfully,
John Nunez
Pro Se Plaintiff

**EXHIBIT LIST**

- Exhibit A: March 28, 2025 Letter – American Airlines to DOT

- Exhibit B: April 9, 2025 Email – Kolb referencing FAA findings

- Exhibit C: FAA/DOT Findings (initial decision, sobriety confirmation)

- Exhibit D: May 16, 2025 Email – Congressional Inquiry + DOT OIG Request

- Exhibit E: April 7, 2025 Proof of Denied Boarding

- Exhibit F: FOIA Request to FAA (submitted by Plaintiff)