UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN NUÑEZ,
Plaintiff,

v.

AMERICAN AIRLINES, INC.,
Defendant.



Case No. 1:25-cv-21630-RKA

# PLAINTIFF'S UNILATERAL RULE 26(f) DISCOVERY REPORT AND CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(B)(2), Plaintiff John Nuñez, appearing pro se, respectfully submits the following Discovery Plan and Case Management Statement:

## I. MEETING OF THE PARTIES

Plaintiff conferred with defense counsel on July 2, 2025, pursuant to Rule 26(f). Despite this formal conference, Defendant engaged in prior tactics undermining the Rule's purpose—including delay, obstruction, and bad faith refusals to coordinate logistics, and most notably, the pre-conference declaration by Robert Pecchio on May 19, 2025 that Defendant opposed all Plaintiff's motions "categorically."[1] This rendered any effort toward a meaningful joint submission futile.

While Defendant insists on labeling the submission as "joint," their conduct suggests tactical gamesmanship designed to box Plaintiff into a document that misstates or omits critical factual and procedural posture. For example, Kelly Kolb has invoked the FAA's Initial Decision to justify Plaintiff's continued blacklisting[2], while simultaneously repudiating its legal relevance in parallel filings.[3] Such inconsistent representations undermine the transparency required under Rule 26. Kolb's tactics escalated with a June 13, 2025 threat of Rule 11 sanctions, not for any defect in pleading, but for Plaintiff's refusal to adopt Defendant's narrative.[4]

Accordingly, Plaintiff submits this unilateral report to preserve his rights, ensure an accurate discovery roadmap, and fulfill his procedural obligations in good faith.

## II. PROPOSED DISCOVERY PLAN

**A. Initial Disclosures:**

Deadline: **July 19, 2025**

**B. Discovery Topics:**

- The factual events surrounding Plaintiff's removal from Flight 1124
- The authenticity, accuracy, and motive of flight attendant statements
- American Airlines' policies regarding bathroom access, unruly passenger protocol, and D3 travel

- The blacklisting process and AAdvantage account termination
- Communications with FAA and any joint actions regarding the civil penalty[5]
- Damages and emotional distress experienced by Plaintiff

### C. Discovery Schedule:

- Fact Discovery: **November 15, 2025**
- Plaintiff Expert Disclosures: **December 1, 2025**
- Defendant Expert Disclosures: **December 22, 2025**
- Expert Discovery Cutoff: **January 15, 2026**

### D. ESI & Metadata:

Parties to produce documents in native format or searchable PDF. Metadata will be preserved. Disputes over search terms, custodians, or data sources shall trigger immediate meet-and-confer under Rule 26(c).

### E. Privilege & Work Product:

Any claims of privilege must comply with Rule 26(b)(5). Parties agree to log all withheld documents and confer to resolve disputes before seeking Court intervention.

### F. Discovery Limitations:

Plaintiff does not seek numerical limits but reserves the right to seek Rule 37 relief for obstructionist conduct, refusal to schedule depositions, or delays in written discovery.

### G. Other Orders Requested:

Plaintiff requests:

- Remote depositions to ensure proportionality and reduce cost.

- Scheduling protections to guard against litigation fatigue given imbalance of resources.

- Early clarification on scope of 30(b)(6) topics to reduce disputes.[6]

## III. PROPOSED CASE SCHEDULE

- Deadline to Join Parties / Amend Pleadings: **August 9, 2025**

- Close of Fact Discovery: **November 15, 2025**

- Plaintiff Expert Reports: **December 1, 2025**

- Rebuttal Reports: **December 22, 2025**

- Expert Discovery Cutoff: **January 15, 2026**

- Dispositive Motions: **February 10, 2026**

- Pretrial Conference: **April 2026**

- Trial-Ready Date: **May 2026**

## IV. ANTICIPATED DEPOSITIONS

### Fact Witnesses

- Ana Maria Sanchez – FA witness whose credibility was undermined by ALJ Rawald[7].

- Rosa Maria Celi – FA who authored vague and exaggerated debrief reports.

- Maria Quiroz – FA signer of Notice to Passenger; conflicting testimony and form Omissions.

- Rebecca Habib – Civilian passenger; implicated in hearsay and deemed of limited reliability by FAA[8].

- Capt. Byron Jafee – Pilot of Flight 1124; signed critical documents lacking ID numbers.

- Tim Anderson Sr. – Civilian passenger and character witness; present for bar interaction.

- Nick De La Hoz – AA Ground Ops; possible knowledge of BAQ boarding/deplaning timeline.

**Corporate / Agency Witnesses**

- Robert Isom or Corporate Designee (Rule 30(b)(6)) – Policies, customer handling, refusal list, loyalty program practices[6].

- FAA Inspector Ronny Moon – Investigatory misconduct; identified in transcript as former AA employee[4]; led FAA enforcement investigation, possibly with conflicts of interest.[5]

# V. CERTIFICATIONS

I, **John Nuñez**, certify that:

1. I conferred in good faith under Rule 26(f).

2. Due to the breakdown in trust, and strategic inconsistencies by defense counsel, I chose to proceed unilaterally.

3. I will comply with all scheduling and discovery obligations in good faith.

Respectfully submitted,

*/s/ John Nuñez*

John Nuñez
Pro Se Plaintiff
14475 SW 23rd Terrace
Miami, FL 33175
johnnunez@ymail.com
(786) 425-1966
Dated: July 6, 2025

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I certify that I conferred with counsel for Defendant on July 2, 2025, and due to their ongoing tactical resistance and pre-conference posturing, I am submitting this report unilaterally in good faith.

/s/ John Nuñez
Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I certify that on July 6, 2025, I filed the foregoing via CM/ECF, which sent notice to:

Kelly Kolb
Robert D. Pecchio
Buchanan Ingersoll & Rooney PC
One Biscayne Tower, Suite 1500
Miami, FL 33131
kelly.kolb@bipc.com
robert.pecchio@bipc.com

/s/ **John Nuñez**
Plaintiff, Pro Se

**Footnotes**

1. Email from R. Pecchio to Plaintiff, May 19, 2025: "You may assume we are opposed to each of your proposed filings."

2. See Kolb Email to Plaintiff, April 9, 2025, citing FAA Initial Decision to justify refusal list status.

3. See Motion to Dismiss, D.E. 21, wherein Defendant argues the FAA Decision has no preclusive effect.

4. See Letter from Kelly Kolb to Plaintiff, June 13, 2025 (Ex. A), in which Mr. Kolb issued a direct threat of sanctions under Rule 11 based not on any improper pleading, but on Plaintiff's refusal to capitulate. This is indicative of strategic bullying, not lawful advocacy.

5. Plaintiff has filed a parallel APA/FOIA action against the FAA (Case No. 1:25-cv-22808-JG) to address procedural irregularities, including FAA Inspector Ronny Moon's dual role as investigator and former AA employee. The FAA's June 10, 2025 letter further conceded exaggerations in crew statements, contradicting AA's continued reliance on them.

6. Plaintiff seeks a Rule 30(b)(6) deposition on American Airlines' internal procedures regarding the "refuse list," loyalty account termination, and coordination with FAA enforcement personnel, including Ronny Moon. See Fed. R. Civ. P. 30(b)(6); Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253 (2d Cir. 1999) (noting the strategic use of corporate designees to explore internal knowledge and policy application).

7. Judge Rawald, in Initial Decision (Oct. 24, 2024), found Sanchez's testimony exaggerated and lacking consistency.

8. See Initial Decision, Oct. 24, 2024, at 16–17. Judge Rawald noted that while Ms. Habib was the only civilian witness to mention alleged intoxication, her perception was shaped by hearsay and indirect observation. Her statement was accorded "limited weight."