**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21630-ALTMAN/Reid**

JOHN NUNEZ,

*Plaintiff,*

v.

AMERICAN AIRLINES, INC.,

*Defendant.*

_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

On April 9, 2025, the Plaintiff filed his Complaint [ECF No. 1], alleging six counts: Breach of Contract (Count I), *see* Compl. ¶¶ 15–19; Intentional Infliction of Emotional Distress ("IIED") (Count II), *see id.* ¶¶ 20–24; Defamation (Count III), *see id.* ¶¶ 25–26; Violation of 42 U.S.C. § 1981 ("Section 1981") (Count IV), *see id.* ¶¶ 30–34; Negligent Misrepresentation and Failure to Train (Count V), *see id.* ¶¶ 25–39; and Injunctive Relief (Count VI), *see id.* ¶¶ 40–43.

The Plaintiff was removed from "American Airlines Flight 1124 from Barranquilla Colombia (BAQ) to Miami, Florida (MIA)" on June 3, 2022. *Id.* ¶ 5. Flight attendants "claimed that [the] Plaintiff was being 'difficult' and 'argumentative,'" and the Captain "ultimately ordered [the] Plaintiff's removal from the aircraft[.]" *Id.* ¶¶ 8, 9. The Complaint alleges that the "Plaintiff was escorted off the plane in front of passengers and staff, causing public embarrassment, emotional trauma and reputational damage." *Id.* ¶ 10. American Airlines subsequently revoked his travel privileges. *See id.* ¶ 11. Three years later, on March 28, 2025, the Plaintiff "purchased a paid ticket (Flight AA2280, MIA to MCO) for April 7, 2025." *Id.* ¶ 12. But he "was denied boarding at the airport because the ban was 'still in place.'" *Id.* ¶ 13.

On January 3, 2025, the Defendant moved to dismiss all counts for failure to state a claim. *See*

Motion to Dismiss [ECF No. 17]. We referred that motion to Magistrate Judge Lisette M. Reid, *see* Order of Referral [ECF No. 28], who recommended that we dismiss the Plaintiff's Complaint because the "Plaintiff's claims are barred by the Montreal Convention," Report and Recommendation ("R&R") [ECF No. 50] at 5 (citing the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 (the "Convention")).

The Plaintiff filed objections to the R&R, claiming that "the Magistrate erred in applying [the Convention] to the breach of contract claim" and that claims arising out of his "refusal to be permitted to board on April 7, 2025," which happened almost three years after he was kicked off the flight, aren't barred by the Convention. Objections to R&R ("Objections") [ECF No. 53] at 1, 5. At the same time, the Plaintiff wisely didn't object to the R&R's conclusion that any claims arising from his June 3, 2022, flight and removal *are* barred by the Convention. The Defendant filed a response, asking us to adopt the R&R. *See* Response to Objections ("Response") [ECF No. 54] at 1 ("As described below, those portions of the R&R to which Plaintiff attempted to object easily survive a de novo review, and those portions of the R&R to which Plaintiff failed to object easily survive a clearly erroneous review."). After careful consideration, we **ADOPT** the R&R in full.

## THE LAW

When a party properly objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "To receive *de novo* review, parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Sully v.*

*Scottsdale Ins. Co.*, 2024 WL 1857456, at *3 (S.D. Fla. Apr. 29, 2024) (Altman, J.) (cleaned up). "And objections are 'improper' if they amount to 'nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge,' as the 'parties are not to be afforded a 'second bite at the apple' when they file objections to a report and recommendation." *Ibid.* (quoting *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.)).

But, when no party has properly objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee notes (cleaned up). "Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects." *Clear Spring Prop. & Cas. Co. v. Wello & Mom, LLC*, 768 F. Supp. 3d 1360, 1367 (S.D. Fla. 2025) (Altman, J.) (citing *Thomas v. Arn*, 474 U.S. 140, 150 ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")). "In any event, the 'failure to object to the magistrate judge's factual findings after notice precludes a later attack on these findings." *Sully*, 2024 WL 1857456, at *3 (quoting *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (cleaned up)).

## ANALYSIS

"When analyzing claims under the Montreal Convention, we first look to the Convention itself, which expressly preempts state law causes of action that fall within its scope." *Murphy v. Airway Air Charter, Inc.*, 2026 WL 125793, at *5 (11th Cir. Jan. 16, 2026) ("In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention." (quoting Montreal Convention art. 29)). "So, when the Montreal Convention speaks to an issue of liability, that is the end of the inquiry." *Ibid.* Here,

Magistrate Judge Reid found—and the Plaintiff does not dispute—that, where "Counts II, III, [IV], and V [ ] originate and stem from the Flight 1124 incident[,] . . . they would fall squarely within the scope of the Montreal Convention and be preempted." R&R at 9; *see also id.* at 10 ("Similarly, Plaintiff's Count IV claim pursuant to 42 U.S.C. § 1981 is preempted by the Montreal Convention."). We find no clear error in this unobjected-to determination and accordingly **ADOPT** the R&R's recommended dismissal of Counts II–V.

Magistrate Judge Reid also found that the Convention preempted any claims arising from the April 7, 2025, boarding denial. *See* R&R at 12 (considering Count I and the April 7, 2025, incident and finding that the "Plaintiff's claims are completely preempted by the Montreal Convention and due to be dismissed"). As Magistrate Judge Reid explained:

> Here, the original injury causing event occurred on Flight 1124 on June 3, 2022. [The] Plaintiff's actions onboard Flight 1124 caused American Airlines to revoke his flight privileges. Later, after continuing to communicate with American Airlines about the events of Flight 1124, [the] Plaintiff mistakenly believed his flight privileges were reinstated. He was then denied boarding due the continued ban from the Flight 1124 incident. These later injuries all stem from the initial Flight 1124.

R&R at 12 (first citing Compl. ¶ 5; then citing *id.* at 15; then citing *id.* at 76; and then citing *id.* ¶¶ 15–19). Magistrate Judge Reid thus concluded that the Convention preempted any claims arising from the April 7, 2025, boarding denial because that incident "necessarily and inextricably arises from events that occurred during the carriage by air—namely, [the] Plaintiff's removal from the plane and subsequent ban by American Airlines." R&R at 12. (quoting *We CBD, LLC v. Planet Nine Priv. Air*, 109 F.4th 295, 304 (4th Cir. 2024)).

The Plaintiff objects to this portion of the R&R. As he sees it, "the Magistrate Judge conflated the 1st cause of action of the Plaintiff for breach of contract when the Defendant failed to honor its booking of a domestic flight scheduled for April 7, 2025, with his claims which arose in connection with the June 2022 international flight. Those 2 claims are fully distinguishable." Objections at 3–4. In our Plaintiff's telling:

4

> This case arises out of two (2) separate incidents: One that occurred on April 7, 2025, whereby the Plaintiff booked and paid for a domestic flight from Miami[,] Florida to Orlando[,] Florida. The Plaintiff was not permitted to board the aircraft. The second incident occurred on June 3[ ], 2022 involving an international flight from Barranquilla, Colombia to Miami, Florida.

*Id.* at 4. "Because the Montreal Convention does not apply to bookings," our Plaintiff insists, "the Magistrate erred in applying it to the breach of contract claim in light of the subject facts." *Ibid.* For three reasons, we disagree with the Plaintiff.

*First*, the Plaintiff is wrong that "the R&R did not distinguish between the two claims made by the Plaintiff." Objections at 3. As we've explained, Magistrate Judge Reid thoughtfully considered whether the April 7, 2025, boarding denial was a separate incident from the Plaintiff's June 3, 2022, removal and subsequent travel ban. *See* R&R at 11–12. So, while the Plaintiff may disagree with the Magistrate Judge's analysis, we cannot agree that the she failed to "distinguish between the two claims[.]" Objections at 3; *see also Boateng v. Coast Pro., Inc.*, 2025 WL 2743870, at *3 (N.D. Ga. Aug. 13, 2025) (Johnson, J.) ("Plaintiff's mere dissatisfaction with the Magistrate Judge's recommendation is an insufficient basis for an objection.").

*Second*, in his Objections, our Plaintiff never disputes that he was refused boarding *because of* his June 3, 2022, removal and subsequent travel ban. *See generally* Objections. That's probably because, as our Magistrate Judge correctly noted, this is *precisely* what he pled in his Complaint. *See* Compl. ¶ 13 ("[The] Plaintiff was denied boarding at the airport . . . [because] the ban was still in place."); *id.* ¶ 56 ("[The] Plaintiff's denial of boarding on April 7, 2025 . . . was a continuation of the pattern of retaliatory conduct that began on Flight 1124."); *see also* R&R at 12 ("Indeed, Plaintiff himself admits this by stating his latest injury was a '*continuation* of the pattern of retaliatory conduct that *began* on Flight 1124.'" (quoting Compl. ¶ 56)).

*Third*, given this unobjected-to factual finding, Magistrate Judge Reid is right on the law. "[B]oth the Supreme Court and the Eleventh Circuit have made clear that the Montreal Convention

is the exclusive mechanism of recovery for personal injuries suffered on board an aircraft[.]" *Carias v. Am. Airlines, Inc.*, 2023 WL 6461269, at *5 (S.D. Fla. Oct. 4, 2023) (Altman, J.) (cleaned up). "A claim for damages falls within the bounds of the Montreal Convention if in the chain of causation there is 'some link' to the injury or event that forms the basis of the main claim under the Convention." *Llanes v. Iberia Air Lines of Spain, S.A.*, 2008 WL 11417407, at *3 (S.D. Fla. June 30, 2008) (Ungaro, J.) (quoting *Air France v. Saks*, 470 U.S. 392, 406 (1985) ("Any injury is the product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger."); *see also Yanovskiy v. Air France*, 173 F.3d 848 (2d Cir. 1999) ("[A]ll state law claims allegedly arising from a damaging event covered by the Convention, as well as all subsequent tortious conduct which cannot be artificially separated from the precipitating cause, are preempted by the Convention."); *Quevedo v. Iberia Lineas Aereas de Espana, Sociedad Anonima Operadora Co.*, 2018 WL 4776754, at *1 (S.D. Fla. Oct. 3, 2018) (Scola, J.) (describing the Convention's causation standard as a "low bar"); *Planet Nine Priv. Air*, 109 F.4th at 306 ("The plain language of [the Montreal Convention] makes it apparent that 'the event' must occur during the carriage by air–not the damage.").

Again, the Plaintiff doesn't object to the R&R's finding that "the original injury causing event occurred on Flight 1124 on June 3, 2022." R&R at 12. Nor does he contest the R&R's conclusion that the "Plaintiff's actions onboard Flight 1124 caused American Airlines to revoke his flight privileges." R&R at 12; *see generally* Objections (failing to object to this finding). Because the original event—the Plaintiff's removal from Flight 1124 and his related ban from American Airlines flights—was *the direct cause* of his June 3, 2025, boarding denial, there is "'some link' to the injury or event that forms the basis of the main claim under the Convention." *Llanes*, 2008 WL 11417407, at *3 (quoting *Air France*, 470 U.S. at 406). The Plaintiff's claims thus naturally "fall[ ] within the bounds of the Montreal Convention[.]" *Ibid.*

6

Magistrate Judge Reid therefore correctly found that Count I was preempted by the Convention. We've also reviewed the rest of Magistrate Judge Reid's R&R for clear error—and, finding none, adopt it in full.

* * *

In general, a *pro se* plaintiff must be given "at least one opportunity to amend [his] claims . . . if it appears a more carefully drafted complaint might state a claim upon which relief can be granted[.]" *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) (cleaned up). We "need not, however, allow amendment . . . where amendment would be futile." *Byrant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, the Plaintiff's claims are plainly barred under the Convention,[1] so we dismiss the Complaint *with prejudice*. *See, e.g.*, *Jacob v. Korean Air Lines Co.*, 606 F. App'x 478, 480 (11th Cir. 2015) (affirming the dismissal of a conversion claim with prejudice on the ground that it was preempted by the Montreal Convention); *Flamenbaum v. Orient Lines, Inc.*, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (Altonaga, J.) (dismissing with prejudice state-law negligence claims asserted against carriers as preempted by the Montreal Convention); *Vanderwall v. United Airlines, Inc.*, 80 F. Supp. 3d 1324, 1335 (S.D. Fla. 2015) (Bloom, J.) ("[B]ecause it is premised on Plaintiff's carrier negligence claims, Robert Vanderwall's loss of consortium claim, Count III of the Complaint, is also preempted by the

---

[1] The Convention "is the exclusive mechanism of recovery for personal injuries suffered on board an aircraft or in the course of embarking or disembarking from an airplane." *Marotte v. Am. Airlines, Inc.,* 296 F.3d 1255, 1259 (11th Cir. 2002) (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 151, 161 (1999)). As a result, "[f]or all air transportation to which the Montreal Convention applies, if an action for damages falls within one of the treaty's damage provisions, then the treaty provides the sole cause of action under which a claimant may seek redress for his injuries." *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. Sept. 4, 2008) (Moreno, J.); *see also Jacob v. Korean Air Lines Co.*, 2014 WL 243150, at *8 (S.D. Fla. Jan. 13, 2014) (Rosenbaum, J.) ("[T]he Montreal Convention, where applicable, preempts state-law remedies."); *Siddiq v. Saudi Arabian Airlines Corp.*, 2013 WL 2152566, at *4 (M.D. Fla. Jan. 9, 2013) (Fawsett, J.) ("[T]he Montreal Convention provides the exclusive remedy to persons who suffer damages related to a covered international flight, thereby preempting any state law claims."); *Rafailov v. El Al Israel Airlines, Ltd.*, 2008 WL 2047610 at *2 (S.D.N.Y. May 13, 2008) (noting that the Montreal Convention "exclusively governs the rights and liabilities" of the parties and "preempt[s] state law" where "the incident giving rise to plaintiff's injury occurred on board an aircraft during the course of 'international transportation' as defined by Article 1(2) of the Convention").

Montreal Convention and is dismissed with prejudice.").

## CONCLUSION

We therefore **ORDER and ADJUDGE** that Magistrate Judge Reid's Report and Recommendation [ECF No. 50] is **ADOPTED**, the Plaintiff's Objections [ECF No. 53] are **OVERRULED**, and the Defendant's Motion to Dismiss [ECF No. 17] is **GRANTED**. We **DISMISS** the Complaint [ECF No. 1] **with prejudice**. The case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on June 9, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record